UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANDA GONZALEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAFEWAY, INC., <br><br> Defendant. | CASE NO. C19-2013-JCC-MAT <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. 23.) Defendant Safeway, Inc. opposes the motion. (Dkt. 24.) The Court, having considered the relevant materials, concludes the motion to dismiss (Dkt. 23) should be GRANTED and this matter DISMISSED without prejudice.

## BACKGROUND

On October 14, 2019, plaintiffs initiated this lawsuit, alleging negligence by defendant, in Snohomish County Superior Court. (Dkt. 1-2.) Defendant removed the matter to this Court based on complete diversity of citizenship. (Dkt. 1.) On July 30, 2020, defendant filed its answer to the complaint. (Dkt. 17.) Defendant averred plaintiffs' damages may have been caused, in whole or in part, by parties over whom defendant had no control, including non-party All-Ways Painting,

Inc. ("All-Ways Painting").  (*Id*. at 3.)  Less than a week later, the parties stipulated to a continuance of the trial date and case scheduling deadlines.  (Dkt. 18.)  The stipulation indicated that medical treatment for injuries at issue in the case had been put on hold due to the COVID-19 pandemic, preventing an assessment of claimed damages and sufficient time to conduct discovery.  (*Id*.)  On August 26, 2020, the Court revised the case deadlines, including, *inter alia*, September 23, 2020 for joining parties, October 21, 2020 for filing amended pleadings, May 28, 2021 for the completion of discovery, and an October 25, 2021 trial date.  (Dkt. 19.)

Plaintiffs filed their motion to dismiss in early February 2021.  (Dkt. 23.)  They contend that, on October 13, 2020, defendant notified plaintiffs it had "tethered its defense" to All-Ways Painting.  (*Id*. at 2; *see also* Dkt. 26 at 2.)  Plaintiffs assert that, after discovering All-Ways Painting is a Washington Corporation doing business in King County, they filed a new cause of action in King County Superior Court, on November 16, 2020, naming All-Ways Painting as a defendant.  Plaintiffs seek to dismiss the current matter, without costs and without prejudice, and to proceed under the King County cause of action.

The parties recently stipulated to relief from existing deadlines pending the Court's ruling on the motion to dismiss.  (Dkt. 27.)  The stipulation includes plaintiffs' assertion that the nature and extent of damages continues to evolve given ongoing medical treatment, and the parties' request for additional time to seek expert opinions because neither party has had the opportunity to fully assess damages.  (*Id*.)

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2), provides that, after an answer or a motion for summary judgment has been filed and if there is no stipulation from the defendant, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Unless the court Order states otherwise, a dismissal under this provision is without prejudice. Fed. R. Civ. P. 41(a)(2).

The Court has discretion in ruling on a motion for voluntary dismissal under Rule 41(a)(2). *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). The Court should grant such a motion "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96-97 (9th Cir. 1996). "'[U]ncertainty because a dispute remains unresolved' or because 'the threat of future litigation . . . causes uncertainty' does not result in plain legal prejudice." *Smith*, 263 F.3d at 976 (quoting *Westlands Water Dist.*, 100 F.3d at 97). Nor does legal prejudice result merely because the defendant incurred expenses in defending against a lawsuit, faces the prospect of a second lawsuit or inconvenience by having to defend in another forum, or where plaintiff gains some tactical advantage by the dismissal. *Id.*; *Hamilton*, 679 F.2d at 145-46. Although not mandatory, the Court may protect a defendant's interests by conditioning dismissal without prejudice upon, for example, the payment of appropriate costs and attorney fees. *Westlands Water Dist.*, 100 F.3d at 97 (also stating: "Defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.")

According to defendant, plaintiffs improperly seek to circumvent the requirements of 28 U.S.C. § 1447(e) and this Court's inquiry into plaintiffs' motives for adding a non-diverse defendant. Under section 1447(e): "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." As found by the Ninth Circuit, once a plaintiff seeks to join a non-diverse defendant after removal, the Court may: "(1) deem the party

'indispensable' and dismiss the case; (2) deem the party not indispensable and continue its jurisdiction over the lawsuit without joinder; or (3) allow joinder and remand the case to state court." *Yniques v. Cabral*, 985 F.2d 1031, 1035-36 (9th Cir. 1993), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999). Once it permits joinder, § 1447(e) allows the Court, "only to remand the case to state court," not to dismiss the matter. *Id.*

Defendant points to case law recognizing that § 1447(e), not an amendment under Federal Rule of Civil Procedure 15(a), applies when a plaintiff seeks to join a non-diverse defendant. *See, e.g., Lamb v. Chicago Title Ins. Co.*, C13-6063-RBL, 2014 WL 931533, at *2 (W.D. Wash. Mar. 10, 2014) ("[Section] 1447(e) controls over Rule 15(a)(1) when the two conflict.") (citations omitted). Defendant points to plaintiffs' failure to join the non-diverse defendant by the established deadline and asserts that plaintiffs' motives for attempting to destroy diversity must be assessed before they are allowed to voluntarily dismiss their claims and effectively obtain remand. *See, e.g.*, *Bevels v. Am. States Ins. Co.*, 100 F. Supp. 2d 1309, 1312-13 (M.D. Ala. 2000) ("[A]pplying 28 U.S.C. § 1447(e)[, rather than Rule 15(a),] is the better approach from a practical standpoint. If the rule were to the contrary, that is, if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court, . . . , a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed, and avoid any fraudulent joinder inquiry which could have been conducted had the non-diverse defendant been named in the original complaint.") Defendant notes that plaintiffs had notice of the non-diverse defendant as early as July 2020, when defendant identified All-Ways Painting in its answer, missed the deadline for joinder of parties, filed an identical lawsuit in state court naming All-Ways Painting, and now seek to effectively obtain remand without adhering to the required procedure under the federal statute.

REPORT AND RECOMMENDATION
PAGE - 4

Plaintiffs seek voluntary dismissal, not to join a non-diverse defendant. "Section 1447(e) only controls the district court's disposition of [a] motion to join [] nondiverse parties." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275 (5th Cir. 1990) (finding nothing in § 1447(e) or its legislative history indicated a district court was prohibited from granting a Rule 41(a)(2) motion for voluntary dismissal simply because a party also subsequently moved to join non-diverse parties: "The district court may grant either motion or deny them both.") *See also Yniques*, 985 F.2d at 1034 (addressing then unresolved question of whether § 1447(e) requires remand after joinder of a non-diverse party and distinguishing *Templeton*, 901 F.2d at 1275, as finding "section 1447(e) does not preclude *voluntary* dismissal under Fed. R. Civ. P. 41(a)(2)") (emphasis added in *Yniques*).[1] The Court therefore disagrees with defendant's contention it must or should analyze plaintiffs' motion to dismiss pursuant to § 1447(e).

The Court, instead, considers whether dismissal under Rule 41(a)(2) would result in defendant suffering some plain legal prejudice. While not directly addressing the applicable standard or relevant considerations, defendant does object to the motion to dismiss based on the delay in making the request and, it seems, plaintiffs' apparent motive to proceed in their preferred forum.

---

[1] In *Templeton*, 901 F.2d at 1275, the Fifth Circuit explained that Congress adopted § 1447(e) to "temper the potential harshness of outright involuntary dismissal of removed diversity actions" under Fed. R. Civ. P. 19(b) due to an inability to join indispensable non-diverse parties, and rejected a broader version of the statute that would have allowed courts to join such parties and still retain diversity jurisdiction. The Court stated: "Congress did not adopt the present form of section 1447(e) to prevent the voluntary dismissal of removed diversity actions under Rule 41(a)(2). Congress adopted the narrow language of section 1447(e) to avoid expanding federal diversity jurisdiction." *Id*. In *Yniques*, 985 F.2d at 1034-35, the Ninth Circuit explained that § 1447(e) "engineer[ed] a 'departure' from the analysis required by [Rule 19] in that it allows the joinder of a necessary non-diverse party and a subsequent remand to state court[,]" whereas, under Rule 19 alone, "a necessary party who, if joined, would destroy complete diversity could be considered 'indispensable,' which in turn could require dismissal of the lawsuit." Section 1447(e) and Rule 19, considered in combination, expanded the Court's options with an attempt to join a non-diverse party after removal to the three above-described possibilities. *Yniques*, 985 F.2d at 1035 (a court may (1) deem the party indispensable and dismiss; (2) deem the party not indispensable and continue jurisdiction without joinder; or (3) allow joinder and remand).

The docket shows some nine months passed between the initiation of this suit and defendant's identification of All-Ways Painting as a potentially relevant non-party, followed shortly thereafter by a seven-month stipulated extension of the trial date and case deadlines given factors interfering with the parties' ability to assess damages and conduct discovery. (Dkts. 1, 17-19.) An additional five-to-six months passed before plaintiffs moved to dismiss. Plaintiffs do not fully explain, either through their citations to the docket or otherwise, precisely how they belatedly became aware of some modification to defendant's defense in relation to All-Ways Painting. (*See* Dkt. 26 (citing Dkts. 20-22 (notice of appearance and stipulated motion and order for withdrawal and substitution of counsel).) However, there is likewise no showing the delay caused defendant legal prejudice. Both parties, in fact, continue to attest additional time is needed to fully assess damages in this matter. (Dkt. 27 at 2 (stating the nature and extent of damages "is evolving as [Ms. Gonzalez] continues to treat her knee injury" and that plaintiffs anticipate seeking a trial continuance while injuries "resolve to a state where her prognosis can be more fully opined."; "Both parties seek additional time [to submit expert opinions], as neither party has had the opportunity to fully assess Ms. Gonzalez's damages.")) It is further well established that neither defendant's expenses to date, the prospect of the state court lawsuit, nor any tactical advantage to plaintiffs constitutes legal prejudice to defendant. *Smith*, 263 F.3d at 976; *Hamilton*, 679 F.2d at 145-46. The Court, as such, finds no showing of legal prejudice warranting denial of plaintiffs' Rule 41(a)(2) motion to dismiss. *See, e.g., Advance Cap. Inc. v. M/V ANGIE*, C09-1623-JCC, 2010 WL 11691839, at *1-2 (W.D. Wash. Dec. 13, 2010) (neither the benefit to plaintiff, expenses incurred by defendant, nor inconvenience and added time and expense to defendant in defending another lawsuit sufficed to show plain prejudice; also finding case had not reached an "advanced stage" warranting a denial of the motion to dismiss: "Although this action was filed more than 1

year ago, discovery and motions have been so sparse that a dismissal without prejudice is appropriate."); *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 595 (C.D. Cal. 1998) ("The late filing of a voluntary motion to dismiss, expenses incurred in defending the litigation, inconvenience to the defendant, and any tactical advantage to the plaintiff resulting from the voluntary dismissal do not establish legal prejudice.") (citations omitted).

## CONCLUSION

The Court should, for the reasons stated above, GRANT Plaintiffs' Motion to Dismiss pursuant to Rule 41(a)(2) (Dkt. 23) and DISMISS this matter without prejudice. Should defendant seek any conditions to dismissal, such as an award of attorney fees and costs for work performed in responding to the motion to dismiss, it may make that request in any objections to this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 9, 2021**.

DATED this 24th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7